411 A.2d 1202

## In re ADOPTION of INFANT FEMALE F.

**Appeal of D. F.**

Supreme Court of Pennsylvania.

Argued March 6, 1980.

Decided April 25, 1980.

Pamela Pershing Lezo, Southwestern Pennsylvania Legal Aid Society, Uniontown, for appellant.

Mary Warman Terry, for Catholic Charities, Inc., Uniontown, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

PER CURIAM:

This is an appeal from a decree of the Court of Common Pleas of Fayette County, Orphans' Court Division, granting a petition to involuntarily terminate the appellant-mother's parental rights in Infant Female F.[1]

The child was born out of wedlock on July 2, 1978 and was placed by the appellant with the Catholic Charities of Uniontown, Pennsylvania (Agency), on July 3 for lodging and care. The child has continued in the care of the Agency since. In August, 1978, the appellant signed a petition for voluntary relinquishment of her parental rights but later changed her mind, and, upon being so informed, the couut denied the petition. On February 28, 1979, a petition for involuntary termination was filed by the Agency. The petition was granted by the court on April 20 after evidentiary hearings.

The court's decree of termination was bottomed upon its conclusion that the mother had evidenced a settled purpose for a period of at least six months of relinquishing her parental claim and had continuously neglected to provide the child with essential care and subsistence since birth. Cf. Section 311, Adoption Act of July 24, 1970, P.L. 620, No. 208, 1 P.S. § 311 (Supp.1978–79) and *Appeal of Dianne B.*, 456 Pa. 429, 321 A.2d 618 (1974).

The above conclusions were based on the following findings by the court.

The mother visited the agency in July and August of 1978 and discussed reimbursing the institution for the cost of the care provided and her own plans to care for the child, in the future. On August 16, she made an appointment with the Agency for August 21 to continue these discussions but failed to appear for the appointment. Thereafter, a series

1. The father of the child did no oppose the termination of his parental rights.

of letters forwarded by the Agency and admittedly received by her, requesting her cooperation, were ignored.

Finally, on January 10, 1979, appellant telephoned the Agency and made an appointment for January 18, but again she did not appear. Admittedly, this phone call was the only contact by the appellant with the Agency from August 16, 1978 until February 28, 1979.[2]

In view of the foregoing findings which may not be disturbed on appeal since all are supported by competent evidence (*Adoption of David C.*, 479 Pa. 1, 387 A.2d 804 (1978)), we cannot say the trial court abused its discretion or committed an error of law.

Decree affirmed, each side to pay own costs.

**2.** At the hearing on the petition to terminate, appellant offered excuses for this neglect and evident lack of interest, but the court found these explanations incredible.