665 A.2d 840

**In re ADOPTION OF L.D.S., a Minor.**

**Appeal of L.A.S., Natural Mother.**

Superior Court of Pennsylvania.

Argued May 25, 1995.

Filed Oct. 6, 1995.

Christine Nebel, Butler, for appellant.

394

Cathy S. Boyer, Butler, for appellee.

Daniel E. Houlihan, Zelienople, for Butler County Children & Youth Services, participating party.

Before WIEAND, DEL SOLE and CERCONE, JJ.

DEL SOLE, Judge:

L.A.S. appeals from a decree of the Butler County Orphan's Court granting a petition to involuntarily terminate her parental rights to her three year old daughter, L.D.S.

Appellant presents two issues for our consideration:

I.   Did the trial court improperly apply the requisite legal tests in determining whether the parental rights of L.A.S. Appellant, should be terminated?

II.   Were several of the findings of fact made by the trial court supported by the evidence?

■■■ "Absent an abuse of discretion, an error of law or insufficient evidentiary support for the findings of the Orphan's Court, an appellate court will not reverse a hearing court's order to terminate." *In re Shives*, 363 Pa.Super. 225, 227–228, 525 A.2d 801, 802 (1987). Upon review of a decree involuntarily terminating parental rights, we are limited to a determination of whether the decision of the Orphan's Court is supported by competent evidence. *In re E.S.M.*, 424 Pa.Super. 296, 622 A.2d 388 (1993).

Instantly, the trial court found that the Butler County Children and Youth Services established by clear and convincing evidence that Appellant's parental rights should be terminated pursuant to 23 Pa.C.S.A. § 2511(a)(1), (2) and (5) of the Pennsylvania Adoption Act, which states:

(a) General rule-The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

(1) The parent by conduct continuing for a period of at least six months immediately preceding the filing of the petition either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties.

(2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.

(5) The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency for a period of at least six months, the conditions which led to the removal or placement of the child continue to exist, the parent cannot or will not remedy those conditions within a reasonable period of time, the services or assistance reasonably available to the parent are not likely to remedy the conditions which led to the removal or placement of the child within a reasonable period of time and termination of the parental rights would best serve the needs and welfare of the child.

With respect to Appellant's first claim, she argues that the trial court improperly found that the requirements of section 2511(a)(1) had been met in order to terminate her parental rights. Appellant states correctly that under 2511(a)(1), the court must find by clear and convincing evidence that the parent, by conduct continuing for a period of *at least six months*, either has evidenced a settled purpose of relinquishing parental claim to a child *or* has refused or failed to perform parental duties. Appellant contends that there has never been a six month period where she did not contact the Butler County Children and Youth Services about her daughter.[1]

Appellant emphasizes the trial court's statement in its Opinion that "the record reflects that the longest continuous period

1. L.D.S. was placed into custody of the Butler County Children and Youth Services after a fire occurred at the Sailey household on May 7, 1991, killing Appellant's husband and two of her three children. L.D.S. was approximately five months old at the time of the fire and she suffered burns over a significant portion of her body. L.D.S. was initially treated at West Penn Hospital and then placed in protective custody with the Children and Youth Services on May 20, 1991. Due to

of time that transpired was between Respondent's July 31, 1991 phone call and her January 6, 1992 phone call, a period of approximately five months." (Trial ct. op. 3–16–94 at 9). Appellant asserts that regardless of this finding, the court misinterpreted section 2511(a)(1) by determining that the six-month requirement had been met.

Even though the trial court acknowledged that only five continuous months transpired between Appellant's *contacts* to the Children and Youth Agency, the court also found that over a period of approximately eight months, from May, 1991 to January, 1992 when Appellant was served with the petition to involuntarily terminate her parental rights, Appellant saw her child twice and contacted the Agency two times. The two times that Appellant saw L.D.S. occurred within the first six weeks of the eight month period, and she contacted the Agency by phone in July 1991 and January 1992. The case worker, Cindy Wagner, testified that her records indicated that Appellant called the agency in July 1991 and left a message because the case worker handling the case at the time was not in the office. Appellant did not leave an address or telephone number at that time. Ms. Wagner further testified that during her conversation with Appellant in January 1992, Appellant merely called to inform her that she could not attend the upcoming juvenile court hearing because she would be out of town; Appellant did not inquire about the well-being of L.D.S.

██ Appellant's two telephone calls to Children and Youth Services during an eight month period is not sufficient to stop the six month period from running under section 2511(a)(1). As long as Appellant refused or failed to perform her parental duties for six months, the requirements of 2511(a)(1) are met.

her angry, combative state at the scene of the fire, Appellant was involuntarily admitted to the psychiatric unit of Butler Memorial Hospital from May 7, 1991 until May 17, 1991. It was later revealed that she was intoxicated at the time of the fire and Appellant admits to having a problem with alcohol. She was subsequently transferred to Parkside Rehabilitative Unit and she signed herself out of that facility on June 2, 1991.

Our supreme court stated in *In re Burns,* 474 Pa. 615, 379 A.2d 535 (1977):

> Parental duty is best understood in relation to the needs of a child. A child needs love, protection, guidance, and support. These needs, physical and emotional, cannot be met by a merely passive interest in the development of the child. Thus, this Court has held that the parental obligation is a positive duty which requires affirmative performance. This affirmative duty encompasses more than a financial obligation; it requires continuing interest in the child and a genuine effort to maintain communication and association with the child. Because a child needs more than a benefactor, parental duty requires that a parent "exert himself to take and maintain a place of importance in the child's life." (Citations omitted).

*Id.,* 474 Pa. at 624–625, 379 A.2d at 540.

For approximately eight months, Appellant failed to fulfill her parental obligations to L.D.S. and this lack of concern for her child is not negated by the two telephone contacts to Children and Youth Services. In *In re Adoption of Infant Female F.,* 488 Pa. 189, 411 A.2d 1202 (1980), the mother signed a petition for voluntary relinquishment of her parental rights, but, when the court learned that she later changed her mind, the petition was denied. Subsequently, a petition for involuntary termination was filed and was granted. Our supreme court affirmed the decision to terminate the mother's parental rights, despite her one phone call to the Agency during the six month period, based on the court's findings that mother displayed a settled purpose to relinquish her parental claim and she continuously neglected to provide the child with essential care and subsistence.

Appellant's two brief phone contacts does not constitute the love, protection, guidance and support that L.D.S. needs. After reviewing Appellant's claims of error, the record and the applicable law in this case, we conclude that not only was the six month requirement specified at section 2511(a)(1) met in this case, but the requisites of sections (a)(2) and (a)(5) have been satisfied as well. The Honorable Martin J. O'Brien

provided a thorough analysis of the issues and the law in this case in his Opinion dated March 16, 1994 and it is supported by competent evidence. Finding no abuse of discretion or error of law, the decree terminating the parental rights of Appellant is affirmed.

Decree affirmed.